Raagini Shah (SBN 268022)
Email:   rshah@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Le T. Duong (SBN 297662)
Email: lduong@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

*Attorneys for Defendants*
*Wells Fargo Bank, N.A.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAM TSUI, VICTORIA TENG,<br><br>           Plaintiffs,<br><br>     vs.<br><br>WELLS FARGO BANK, N.A.; FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC.; and DOES 1 THROUGH 10 INCLUSIVE,<br><br>           Defendants. | Case No.:   5:19-cv-6126<br><br>[Removal From Superior Court Of California, County of Santa Clara Case No. 19CV 353306]<br><br>**DEFENDANTS WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1332 AND 1441(B)**<br><br>[Federal Question and Diversity of Citizenship]<br><br>*[Filed concurrently with Civil Cover Sheet; and Wells Fargo Bank, N.A.'s Certification of Entities or Interested Persons]* |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants Wells Fargo Bank, N.A. ("Wells Fargo") hereby removes to this Court the state court action described below. This case is a civil action over which this Court has jurisdiction based upon a federal question under 28 U.S.C. Section 1331 and subject matter and diversity jurisdiction under 28 U.S.C. Sections §§ 1332 and 1441.

In compliance with 28 U.S.C. § 1446(a), Wells Fargo asserts the following grounds for removal:

### BACKGROUND

1. On or about August 16, 2019, Plaintiffs Kam Tsui and Victoria Teng ("Plaintiffs") filed a Complaint in the Superior Court of the State of California, County of Santa Clara entitled *Kam Tsui, Victoria Teng v. Wells Fargo Bank, N.A. Federal National Mortgage Association, Inc.; and Does 1-10 inclusive,* at Case No. 19 CIV 353306 (hereinafter the "State Court Action"). A true and correct copy of the Complaint on file in the State Court Action is attached hereto as **Exhibit A**[1].

2. The State Court Action arises from a dispute regarding a loan on property located at 13338 Fontaine Drive, Saratoga, Santa Clara County, California 95070 (the "Property"). *See* **Exhibit A**, ¶ 1.

3. In filing this Notice of Removal, Wells Fargo reserves all defenses, including but not limited to lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to join and/or misjoinder of parties.

### I.    REMOVAL IS PROPER BASED ON A FEDERAL QUESTION

4. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §1331, and is one that may be removed to this Court by Wells Fargo pursuant to 28

---

[1] An attachment to the Complaint filed with the Superior Court of the State of California, County of Santa Clara at Case No. 19 CIV 353306 contained confidential information. In keeping with Federal Rule of Civil Procedure 5.2, Wells Fargo has redacted that confidential information.

U.S.C. §1441, because Plaintiffs accuse a defendant of violating the Truth in Lending Act, 15 U.S.C. § 1641(g). *See* **Exhibit A**, ¶¶ 67-70.

5. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and §1441(b) in that the claims are "founded on a claim or right arising under … the laws of the United States."

6. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims alleged in the Complaint, including the claims for violations of various sections of California's Homeowner Bill of Rights ("HBOR"), *See* **Exhibit A**, ¶¶15-33, as well as Plaintiffs' claims for negligence and for a violation of the California Civil Code and section 17200 of the California Business and Professions Code, because they are so related to the alleged federal law claim that they form part of the same case or controversy under Article III of the United States Constitution. Specifically, both the federal law and state law claims alleged in the Complaint arise from the allegation that defendants mishandled Plaintiffs' mortgage loan modification application, which led to the alleged improper initiation of a foreclosure on the subject property. *See generally*, **Exhibit A**. Therefore, the operative facts related to the federal and state-law claims are based on the same nucleus of operative facts and are inextricably intertwined.

## II. REMOVAL IS PROPER BASED ON DIVERSITY OF CITIZENSHIP

7. The State Court Action may be removed to the United States District Court in accordance with 28 U.S.C. § 1441(b), since this District Court has original jurisdiction over the State Court Action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Specifically, the State Court Action is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00.

### A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

8. In order to qualify for diversity of citizenship jurisdiction, all of the named plaintiffs' citizenships <u>must</u> be completely diverse from all the named defendants' citizenships,

excluding nominal, fraudulent and/or sham defendants.  *See Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 571 (2004).

### 1. PLAINTIFFS' CITIZENSHIP

9. Plaintiffs are individuals who allege that they reside in California.  *See* **Exhibit A**, ¶ 1. For this reason, Plaintiffs are considered citizens of California for removal purposes.  *See generally, Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation of residency by party in state court complaint "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Long v. Empire Today, LLC*, 2014 U.S. Dist. LEXIS 617, *4 (C.D. Cal. 2014) (place of residence provides "prima facie" case of domicile).

### 2. DEFENDANT WELLS FARGO BANK, N.A.'S CITIZENSHIP

10. Pursuant to 28 U.S.C. § 1348, Wells Fargo Bank, N.A., as a national banking association, is a citizen of the state where it is "located."  In 2006, the United States Supreme Court, after a thorough examination of the historical versions of §1348 and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."  *Wachovia Bank v. Schmidt,* 546 U.S. 303, 306-07 (2006).

11. Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a citizen of South Dakota.  *See Rouse, et al. v. Wachovia Mortgage, FSB,* 747 F.3d 707, 715, at *22 (9th Cir. 2014) ("under § 1348, a national banking association is a citizen only of the state in which its main office is located"); *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC,* 653 F.3d 702, 710 (8th Cir. 2011); *Mireles v. Wells Fargo Bank, N.A.,* 845 F. Supp. 2d 1034, 1059-61 (C.D. Cal. 2012); *DeLeon v. Wells Fargo Bank, N.A.,* 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010); *Nguyen v. Wells Fargo Bank, N.A.,* 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota for purposes of diversity.").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### 3. DEFENDANT FEDERAL NATIONAL MORTGAGE ASSOCIATION'S CITIZENSHIP

12. FNMA is a federally chartered corporation and is a citizen of the District of Columbia, which is considered a state for diversity purposes. *See* 12 U.S.C § 1717(a)(2)(B) ("[FNMA] shall maintain its principal office in the District of Columbia or the metropolitan area thereof and shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation.").

### 4. DEFENDANT DOES 1 THROUGH 10'S CITIZENSHIP

13. Upon information and belief, Does 1-10 have not been named or served, and thus their consent is not required. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

14. Because no Defendant has the same citizenship as Plaintiffs, complete diversity of citizenship exists.

15. Based on the foregoing, diversity is established between Plaintiffs and Defendants because Plaintiffs are citizens of California, while Defendants are not a citizen of California for purposes of removal.

### 5. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

16. The threshold amount associated with diversity jurisdiction is $75,000. 28 U.S.C. § 1332(a). Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." Schwarzer, Tashima & Wagstajfe, Fed. Civ. Proc. Before Trial (2009), ¶ 2:450 *(citing St. Paul Mercury Indem. Co., v. Red Cab Co.,* 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction). Removal is proper if, from the allegations in the Complaint and the Notice Removal, it is more likely than not that the claims exceed $75,000. *Sanchez v. Monument Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). In determining whether the jurisdictional

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). The State Court Action is one in which the alleged amount in controversy plainly exceeds the sum or value of $75,000, exclusive of interest and costs.

17. This dispute is related to the $625,000 loan ("Loan") Plaintiffs obtained in 2011 and secured by a Deed of Trust that Plaintiffs granted on the Property underlying this dispute. *See* **Exhibit A**, ¶ 10 and Ex. A attached thereto (Deed of Trust).

18. Here, Plaintiffs allege damages of "approximately $75,000.00 and/or according to proof" while also demanding that Defendants "disgorge their profits" and alleging that they experienced a "loss of equity in the value of the Subject Property." *See* **Exhibit A**, ¶¶ 9, 53, 64

19. Furthermore, Plaintiffs seek "compensatory, special and general damages…"; "civil penalties pursuant to Civ. Code § 2924.12(b) for the greater of treble damages or $50,000"; and "civil penalties of $2,000 pursuant to Title 15 U.S.C. § 1641(d)(2)(A)". *See* **Exhibit A**, "Prayer For Relief", ¶¶ 1-3, p. 13.

20. Finally, Plaintiffs seek an "injunction prior to foreclosure". **Exhibit A**, ¶¶ 19, 24, 29 and 33. To measure the amount in controversy for this injunctive claim, the Court looks to the loan amount or the fair market value of the property at issue. *Ngoc Nguyen v. Wells Fargo Bank, NA*, 749 F. Supp. 2d 1022, 1028-29 (N.D. Cal. 2010). In this case, the amount in controversy clearly exceeds the $75,000.00 threshold because the loan on the Property at issue was in the amount of $625,000 and a April 2019 Notice of Trustee's Sale setting a sale date of May 29, 2019 informing potential bidders that the unpaid balance on the Loan was $581,796.66. *See* **Exhibit A,** ¶¶ 10, 12 and Ex. C attached thereto (Notice of Trustee's Sale).

21. Although Wells Fargo deny Plaintiffs' allegations, if Plaintiffs prevail on their claims, the damages could exceed the jurisdictional minimum.

22. Given the facts above, the amount in controversy exceeds the jurisdictional amount because, as noted above, the relief sought and value of the Property and Wells Fargo' interest therein, each easily exceeds the $75,000 jurisdictional threshold.

### III. DEFENDANT WELLS FARGO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

#### 1. Removal to This Court is Proper

23. The Superior Court of California for the County of Santa Clara is located within the Northern District of California. Thus, the Northern District of California is the proper venue for this removal because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(b); *see also* 28 U.S.C. §84(c)(2).

#### 2. Removal is Timely

24. Plaintiffs filed the State Court Action on August 16, 2019 and served Wells Fargo on August 27, 2019.

25. Plaintiffs served FNMA on September 4, 2019. FNMA consents to removing this action to federal court.

26. This Notice is timely in that it is being filed within thirty (30) days of Wells Fargo' receipt of Plaintiffs' initial pleading, which was the first time that Wells Fargo ascertained that the State Court Action was removable under federal law. *See* 28 U.S.C. 1446(b).

#### 3. Compliance With 28 U.S.C. § 1446

27. No previous application has been made for the relief requested herein.

#### 4. Pleadings And Process Have Been Provided

28. Pursuant to 28 U.S.C. Section 1446(a), copies of all process, pleadings and order received by Wells Fargo in the State Court Action, including the Complaint, are filed and attached with this Notice of Removal as part of **Exhibit A**. Wells Fargo shall promptly serve Plaintiffs with this Notice of Removal and promptly will file a copy of this Notice of Removal with the Clerk of the state court in which the removed action has been pending, pursuant to 28 U.S.C. Section 1446(d).

DEFENDANTS WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1332 AND 1441(B)

– 8 –

1  WHEREFORE, Defendant Wells Fargo Bank, N.A. requests this case be removed from the
2  Superior Court of the State of California for the County of Santa Clara to this Court, pursuant to
3  28 U.S.C. §§ 1332 and 1441(b).

5  DATED:  September 26, 2019                                  REED SMITH LLP

7                                                              By: /s/  Le T. Duong
                                                                  Raagini Shah
8                                                                 Le T. Duong
                                                                  *Attorneys for Defendants*
9                                                                 *Wells Fargo Bank, N.A.*